**IN THE COURT OF APPEALS OF IOWA**

No. 16-2149
Filed April 4, 2018

**DEWITT MICHAEL WELLS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

The applicant appeals the district court decision denying his request for postconviction relief on his claim he received an illegal sentence. **AFFIRMED.**

Eric D. Tindal of Keegan Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

DeWitt Wells appeals the district court decision denying his request for postconviction relief on his claim he received an illegal sentence. We find Wells has not shown he received an illegal sentence because his special sentence constituted cruel and unusual punishment or because Iowa Code section 903B.1 (2009) denied his right to substantive due process. We affirm the district court's decision denying Wells's application for postconviction relief.

## I.    Background Facts & Proceedings

Wells pled guilty to lascivious acts with a child, in violation of Iowa Code section 709.8. Wells was sentenced to a term of imprisonment not to exceed ten years. The court also determined Wells was subject to a special sentence, pursuant to section 903B.1. Wells appealed, but his appeal was subsequently dismissed as frivolous under Iowa Rule of Appellate Procedure 6.1005 by the Iowa Supreme Court.

On December 15, 2015, Wells filed an application seeking postconviction relief on the ground he received an illegal sentence.[1] He claimed his special sentence under section 903B.1 constituted cruel and unusual punishment and violated his right to due process. The court found Wells's claims were "contrary to established Iowa law that is binding on this Court under the doctrine of stare decisis." The court determined Wells failed to show he received an illegal sentence and denied his application for postconviction relief. Wells appealed.

---

[1] This was Wells's second application for postconviction relief. In a previous application he claimed he received ineffective assistance of counsel. We affirmed the district court decision denying his request for postconviction relief. *See Wells v. State*, No. 11-0632, 2013 WL 520033, at *1 (Iowa Ct. App. Feb. 13, 2013).

## II.     Standard of Review

An illegal sentence may be challenged at any time.  Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).  "We generally review claims that a sentence is illegal for correction of errors at law; however, when a claim challenges the constitutionality of a sentence, we review it de novo." *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).

## III.     Cruel and Unusual

Wells claimed the special sentence in section 903B.1 is cruel and unusual because he could be subject to parole for the rest of his life.  He states the special sentence is disproportionate to the crime charged.

The Iowa Supreme Court has concluded the imposition of a special sentence of lifetime parole cannot be categorically characterized as cruel and unusual punishment.  *State v. Graham*, 897 N.W.2d 476, 488 (Iowa 2017) (finding defendant, a juvenile who had been convicted of third-degree sexual abuse, was not entitled to relief from the special sentence of lifetime parole on the ground it was cruel and unusual punishment, noting the parole board might relieve defendant from parole obligations sometime in the future).  In addition, we have stated, "We conclude that Iowa Code section 903B.1 . . . is not grossly disproportionate to the gravity of the offenses to which it applies and its imposition does not constitute cruel and unusual punishment."  *State v. Harkins*, 786 N.W.2d 498, 507 (Iowa Ct. App. 2009).

We conclude Wells has not shown he received an illegal sentence on the ground his special sentence constituted cruel and unusual punishment.

**IV.    Due Process**

Wells also claims section 903B.1 violates his substantive due process rights.  He states the statute does not rationally relate to a legitimate government purpose.  Wells states there is not a high rate of recidivism for sexual offenders.

We apply a rational basis, rather than a strict scrutiny, analysis to this issue. *See State v. Sallis*, 786 N.W.2d 508, 514-15 (Iowa Ct. App. 2009); *State v. Jorgensen*, 785 N.W.2d 708, 716 (Iowa Ct. App. 2009).  "A rational basis standard requires us to consider whether there is 'a reasonable fit between the government interest and the means utilized to advance that interest.'"  *See Harkins*, 786 N.W.2d at 505 (citation omitted).  We have determined "there is a reasonable fit between the State's interest in protecting its citizens from sex crimes and the special sentence imposed pursuant to Iowa Code section 903B.1."  *Id.*; *see also State v. Kingery*, 774 N.W.2d 309, 315 (Iowa Ct. App. 2009) ("Because there is a rational basis for a special sentence imposed pursuant to Iowa Code section 903B.1 and .2, we find there is no merit to Kingery's claim that the provision violates his substantive due process rights.).

Wells has not shown he received an illegal sentence because section 903B.1 denies his right to substantive due process.  We affirm the district court's decision denying Wells's application for postconviction relief.

**AFFIRMED.**